FILED
98 DEC -2 AM 9:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

BONNIE BRENSINGER, individually )
and as representative of that class of )
persons who held policies of medical )
insurance with Blue Cross/Blue )
Shield of Alabama, etc., )
)
    Plaintiff, )
)
v. ) CV 98-BU-1416-S
)
BROOKWOOD HEALTH SERVICES, )
INC., ET AL., )
)
    Defendant. )

ENTERED
DEC 02 1998

## Memorandum Opinion

    Before the court is a motion to remand this cause, filed by the plaintiff, Bonnie Brensinger, on June 17, 1998. She submitted a brief in support of her motion on July 17, 1998. On August 17, 1998, the sole named defendant in this case, Brookwood Health Services, Inc., ("Brookwood") submitted its brief in opposition to Ms. Brensinger's motion to remand. The court concludes that Ms. Bresinger's motion is due to be granted, and that, consequently, this action is to be remanded to the Circuit Court of Jefferson County, Alabama.

10

## FACTS and PROCEDURAL HISTORY

Ms. Brensinger was a covered dependent under her son's insurance policy, which was issued by Blue Cross/Blue Shield of Alabama ("Blue Cross") and sponsored by her son's employer. On September 13, 1994, Ms. Brensinger was admitted as a patient to the hospital operated by Brookwood, for what was deemed emergency treatment of acute depression. After she was discharged from the hospital on October 1, 1994, Brookwood billed Blue Cross for payment under Ms. Brensinger's insurance policy. Blue Cross rejected the claim on the basis that there had been no precertification of the treatment. Brookwood submitted the claim to Blue Cross several more times, but Blue Cross ultimately denied the claim on the ground that Ms. Brensinger's treatment was not medically necessary. At some point, Brookwood attempted to collect payment for Ms. Brensinger's hopitalization from her directly.

After Blue Cross failed to pay her claim, she filed suit against Blue Cross in Alabama state court, alleging that Blue Cross had a duty to pay her medical bills under her son's employee insurance policy. That litigation was removed to this court. Brensinger v. Blue Cross/Blue Shield of Alabama, U.S. Dist. Ct., N.D. Ala., CV 96-N-2757-S. In that case, the court held that the Blue Cross insurance contract under which Ms. Brensinger sought to recover was governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq.("ERISA"), and that several of her claims were preempted under federal law. Subsequently, Blue Cross filed a motion for summary judgment, arguing that it could not be held liable to pay Ms. Brensinger's medical bills because, Blue Cross alleged, she did not have a legal obligation to pay Brookwood for the treatment she received. In support of its motion, Blue

Cross disclosed the existence and terms of a Concurrent Utilization Review Procedure ("CURP") agreement that Blue Cross and Brookwood had entered into prior to Ms. Brensinger's receipt of medical services.  The CURP agreement provided, among other things, that Brookwood may not seek recovery from any Blue Cross policyholder for medical expenses that Blue Cross has declined to pay based upon its determination that the treatment provided by Brookwood was not medically necessary.  The court granted Blue Cross's motion for summary judgment, reasoning that Ms. Brensinger could not establish that Blue Cross's failure to pay under her policy had caused her to suffer any damage, because the CURP agreement absolved her from liability to pay Brookwood for her hospitalization.

Ms. Brensinger then filed in the Circuit Court of Jefferson County, Alabama, the present putative class action against Brookwood and fictitious defendant health care providers who had entered into CURP agreements with Blue Cross.  In her complaint, Ms. Brensinger advanced the following claims under Alabama state law:  1) breach of contract, based upon allegations that she and other Blue Cross policyholders/class members are third-party beneficiaries of CURP agreements between Blue Cross and health care providers, including Brookwood, and that such health care providers who attempted to collect payment from policyholders for claims Blue Cross denied based upon lack of medical necessity breached the CURP agreements; 2) fraud, based upon Brookwood's failure to disclose the terms of the CURP agreement during its attempt to collect the debt; and 3) the tort of outrage, based upon allegations that Brookwood was aware of her fragile mental state and attempted to collect a debt Brookwood knew she did not owe.  Brookwood removed the action to this court, asserting that this court has federal

question jurisdiction. Ms. Brensinger contends that such jurisdiction is lacking and moves for a remand to state court.

## LEGAL STANDARDS

In a motion to remand, the removing party, in this case Brookwood, bears the burden of showing the existence of federal jurisdiction. Pacheco de Perez v. AT & T Co.,139 F.3d 1368, 1373 (11th Cir. 1998); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). The Court is to construe removal jurisdiction narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party, in this case Ms. Brensinger. Id.

An action filed in state court may be removed to federal court based upon federal question jurisdiction. 28 U.S.C. § 1441(a) &(b); Pacheco de Perez, 139 F.3d at 1373. "Federal question jurisdiction exists if the plaintiff's suit 'arises under' the 'Constitution, treaties or laws of the United Stastes.'" Id., quoting 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Under this rule, the plaintiff is "the master of his claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

Ordinarily, federal preemption is simply a defense to a plaintiff's suit. Because it is asserted as a defense, federal preemption does not appear on the face of a well-pleaded complaint, and, therefore, does not in itself authorize removal to federal

court. Caterpillar, Inc., supra, at 63; see also Gully v. First Nat'l Bank, 299 U.S. 109 (1936). However, it has developed, as a corollary of the well-pleaded complaint rule, that a defendant may remove a complaint alleging only state law claims to federal court if the allegations in the complaint involve an area of law that Congress has completely preempted. Franklin v. QHG of Gadsden, Inc., 127 F.3d 1024, 1028 (11th Cir. 1997). "If a state law claim is completely preempted, courts are required to recharacterize the claim as one arising under federal law for purposes of determining removal jurisdiction." Engelhardt v. Paul Revere Life Ins. Co., 139 F.3d 1346, 1353 (11th Cir. 1998), citing Kemp v. International Bus. Mach. Corp., 109 F.3d 708, 712 (11th Cir. 1997). It is well established that "'ERISA "completely preempt[s]" the area of employee benefit plans and thus converts state law claims into federal claims when the state law claim is preempted by ERISA and also falls within the scope of the civil enforcement section of ERISA, Section 502(a), 29 U.S.C. § 1132(a).'" Franklin, supra, at 1028, quoting Brown v. Connecticut General Life Ins. Co., 934 F.2d 1193, 1196 (11th Cir. 1991), quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987).

## CONTENTIONS AND ANALYSIS

In support of its position that removal was proper, Brookwood argues that Ms. Brensinger's claims are all dependent upon the truth of her assertion that Brookwood could not legally attempt to collect payment from her directly for the expenses of her medical treatment. She can only maintain such a position, Brookwood emphasizes, as a third-party beneficiary of the CURP agreement. Such status would, in turn, exist only by virtue of the fact that

Ms. Brensinger is a covered dependent under her son's Blue Cross policy, which this court, in Ms. Brensinger's prior lawsuit, determined to be an ERISA plan, and by referring to Blue Cross's stated reason for denying benefits under that plan. Therefore, Brookwood contends, Ms. Brensinger's claims are preempted by ERISA and seek a benefit "by virtue of her coverage under [an ERISA] plan."

Ms. Bresinger admits that her Blue Cross policy is an ERISA plan. However, she maintains that her claims are neither preempted by ERISA nor seek relief that is available under ERISA's civil enforcement section, because, she argues, she does not here claim entitlement to any benefit under the terms of her ERISA plan. She contends that liability in this case is based, rather, upon the issue of whether Brookwood's debt collection practices contravened its obligations under the CURP agreement, which is undisputedly neither an ERISA plan nor part of one.

The parties devote most of their argument in brief to addressing the question of whether ERISA preempts Ms. Brensinger's state law claims. However, "ERISA preemption, without more, does not convert a state law claim into an action arising under federal law." Taylor, supra, 481 U.S. at 64. Thus, even if ERISA does in fact preempt Ms. Brensinger's claims, which is a questionable proposition, such does not necessarily mean that removal was proper under this court's federal question jurisdiction. In order for removal to be proper under the doctrine of complete preemption, it must also be determined that the plaintiff's state law claims are actually "seeking relief that is available under 29 U.S.C. § 1132(a)," which would require this Court to recharacterize those claims as arising under federal law. Kemp, supra, 109 F.3d at 712.

If the plaintiff is not seeking such relief, her claims, even if preempted by ERISA, may not be said to arise under federal law, no federal question jurisdiction exists, and removal would be improper. Id.; see also Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California, 463 U.S. 1, 25-27 (1983).

Accordingly, in order for this court to assert its federal question jurisdiction, it must be established that at least one of Ms. Brensinger's state law claims, whether or not they are ERISA preempted, seeks relief that is available under 29 U.S.C. § 1132(a). Brookwood's argument in brief on this issue, however, is unclear. As the Court understands it, Brookwood contends that Ms. Brensinger's complaint is seeking relief available under 29 U.S.C. § 1132(a)(1)(B), which provides that "a civil action may be brought ... by a participant or beneficiary" of a plan "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

The court concludes, however, that Ms. Brensinger is not seeking relief available under ERISA's civil enforcement provision and, thus, that none of her claims may be characterized as arising under federal law. It might be said, as Brookwood states, that Ms. Brensinger is in some sense claiming a "benefit" "by virtue of her coverage under the plan"; she could not maintain that she is a third-party beneficiary of the CURP agreement between Brookwood and Blue Cross if she were not a covered dependent under the Blue Cross policy that she concedes is an ERISA plan. Nonetheless, she is clearly not seeking either "to recover benefits" or "to enforce her rights" "under the terms" of her plan, as contemplated by 29 U.S.C.

§ 1132(a)(1)(B). She does not here question any decision under the terms of the plan itself to reject her claim for payment of the medical expenses associated with her hospitalization. Rather, the foundation of Ms. Brensinger's suit is the obligation of Brookwood and fictitious defendant health care providers to refrain from billing all Blue Cross policyholders, regardless of whether their policies qualify as ERISA plans, for medical services that Blue Cross deems not to have been medically necessary. It is evident that this obligation does not arise under the terms of her ERISA plan itself, as there is no allegation that the terms of the plan create in favor of Ms. Brensinger any duty on the part of Brookwood, which is not an ERISA entity.[1] Compare Englehardt, supra, 139 F.3d at 1353 (holding that a suit between ERISA entities fell within the scope of § 1132(a)(1)(B)). Brookwood's obligation not to bill Ms. Brensinger and other similarly situated potential class members would spring, rather, from the terms of CURP agreement, which Brookwood concedes is not an ERISA plan and is distinct from the Blue Cross insurance policies of Ms. Brensinger and other potential class members. Thus, Ms. Brensinger seeks a benefit that, while connected in some sense to her status as an ERISA beneficiary under her Blue Cross policy, does not arise under the "terms of" her ERISA plan, and renders her claims outside the scope of § 1132(a)(1)(B). Cf. Kemp, supra, 109 F.3d at 713-14; (holding that a state law claim seeking benefits under a non-ERISA plan, which was incorporated into a multibenefit package that also

---

[1] ERISA entities are the employer, the plan, the plan fiduciaries, and the beneficiaries under the plan. See Mornstein v. National Ins. Services, Inc., 93 F.3d 715, 722 (11th Cir. 1996).

provided ERISA benefits, did not fall within the scope of § 1132(a)(1)(B) and was therefore not removable to federal court). Accordingly, the court holds that it does not have subject matter jurisdiction of this cause and that removal was improper.

Brookwood strenuously urges that Ms. Brensinger's claims must be preempted because they "relate to" an ERISA plan. ERISA supersedes "any and all State laws" that "relate to any employee benefit plan." 29 U.S.C. § 1144(a). If Ms. Brensinger's claims sufficiently relate to an ERISA plan, ordinary preemption principles would bar her state law claims. See <u>Pilot Life Ins. Co. v. Dedeaux</u>, 481 U.S. 41 (1987). However, since this court has determined that there is no basis for federal jurisdiction over the case, based on the fact that Ms. Brensinger's claims do not fall within the scope of ERISA's civil enforcement section, this court cannot decide the validity of a federal preemption defense under ERISA. <u>Kemp</u>, supra, at 714. Any defensive preemption arguments Brookwood seeks to raise will have to be decided, if at all, in state court.

## CONCLUSION

For the foregoing reasons, this action will be **REMANDED** to the Circuit Court of Jefferson County, Alabama.

DONE and ORDERED this 2Nd day of December, 1998.

H. DEAN BUTTRAM, JR.
UNITED STATES DISTRICT JUDGE